UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PETER PIROG and <br> DIANNA JOHNSON PIROG, <br><br> Plaintiff(s), <br><br> vs. <br><br> OFFICER ROGER S. ENGELHARDT, <br> OFFICER JEFFREY PICKERING, <br> and MORGAN STREET BREWERY <br> AND TAVERN, INC., <br><br> Defendant(s). | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:02CV1926 JCH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand to State Court, filed June 4, 2003. (Doc. No. 14). The matter is fully briefed and ready for disposition.

## BACKGROUND

By way of background, Plaintiffs filed their original Petition in the Circuit Court of the City of St. Louis on November 4, 2002. (Doc. No. 1, Exh. 1). Plaintiffs' original Petition contained twenty-two counts, as follows: Assault and Battery (P. Pirog v. Engelhardt) (Count I); False Arrest (P. Pirog v. Engelhardt) (Count II); Malicious Prosecution (P. Pirog v. Engelhardt) (Count III); Violation of Rights under Chapter 18 of the United States Code[1] (P. Pirog v. Engelhardt) (Count IV); Assault and Battery (P. Pirog v. Pickering) (Count V); False Arrest (P. Pirog v. Pickering) (Count VI); Malicious Prosecution (P. Pirog v. Pickering) (Count VII); Violation of Rights under Chapter

---

[1] There is a dispute between the parties as to whether Counts IV, VIII, XII and XVI of Plaintiffs' original Petition stated causes of action, "arising under the Constitution, treaties or laws of the United States," thus enabling Defendants to remove the entire action to this Court. See 28 U.S.C. § 1441(b). For purposes of this Memorandum and Order, the Court assumes Defendants' removal of Plaintiffs' original Petition was proper.



18 of the United States Code (P. Pirog v. Pickering) (Count VIII); Assault and Battery (D.J. Pirog v. Engelhardt) (Count IX); False Arrest (D.J. Pirog v. Engelhardt) (Count X); Malicious Prosecution (D.J. Pirog v. Engelhardt) (Count XI); Violation of Rights under Chapter 18 of the United States Code (D.J. Pirog v. Engelhardt) (Count XII); Assault and Battery (D.J. Pirog v. Pickering) (Count XIII); False Arrest (D.J. Pirog v. Pickering) (Count XIV); Malicious Prosecution (D.J. Pirog v. Pickering) (Count XV); Violation of Rights under Chapter 18 of the United States Code (D.J. Pirog v. Pickering) (Count XVI); Assault and Battery (P. Pirog v. Morgan Street Brewery) (Count XVII); False Arrest (P. Pirog v. Morgan Street Brewery) (Count XVIII); Malicious Prosecution (P. Pirog v. Morgan Street Brewery) (Count XIX); Assault and Battery (D.J. Pirog v. Morgan Street Brewery) (Count XX); False Arrest (D.J. Pirog v. Morgan Street Brewery) (Count XXI); and Malicious Prosecution (D.J. Pirog v. Morgan Street Brewery) (Count XXII).

On December 18, 2002, Defendants Roger S. Engelhardt and Jeffrey Pickering ("Defendants") removed the action to this Court.[2] (Doc. No. 1). As grounds for such removal, Defendants asserted that this Court possessed original federal question jurisdiction over the claims raised in Counts IV, VIII, XII and XVI of Plaintiffs' original Petition under 28 U.S.C. § 1343, and further possessed supplemental jurisdiction over the remainder of Plaintiffs' claims under 28 U.S.C. § 1367. (Doc. No. 1, P. 2). Plaintiffs did not oppose the removal.

On June 4, 2003, Plaintiffs Peter Pirog and Dianna Johnson Pirog requested leave to file their First Amended Petition. (Doc. No. 15). This Court granted Plaintiffs' request on June 20, 2003. (Id.). In their First Amended Petition, Plaintiffs omit all counts containing reference to civil rights violations, thereby leaving only state tort violations as grounds for relief. (Doc. No. 18).

---

[2] To date, Defendant Morgan Street Brewery has not been served in this matter.

As stated above, Plaintiffs filed the instant Motion to Remand to State Court on June 4, 2003. (Doc. No. 14). Defendants filed their response to Plaintiffs' motion on June 10, 2003. (Doc. No. 16).

## DISCUSSION

In their Motion to Remand Plaintiffs, assuming this Court would grant their request for leave to file an amended petition, further ask that the Court remand their remaining claims to state court, based on this Court's alleged lack of subject-matter jurisdiction. Despite the amended petition, however, this Court continues to possess jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367, just as it did at the time of removal. Ampleman v. Trans States Airlines, Inc., 204 F.R.D. 437, 439 (E.D. Mo. 2001).[3] This Court may decline to exercise such supplemental jurisdiction under Section 1367, however, if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Eighth Circuit has interpreted federal courts' discretionary power under 28 U.S.C. § 1367(c)(3) as follows:

> Under §§1367(c) and 1441(c), a court is not required to remand state law claims when the only federal claim has been dismissed. Instead, the district court maintains discretion to either remand the state law claims or keep them in federal court.

---

[3] The Ampleman court explained its own jurisdiction over state-law claims as follows: "When a federal court has original jurisdiction over a claim that raises a federal question, [28 U.S.C.] Section 1367 provides for the mandatory exercise of supplemental jurisdiction over pendant state-law claims that are so related to the federal-question claim that the claims form part of the same case or controversy under Article III of the United States Constitution." Ampleman, 204 F.R.D. at 439 (citation omitted).

Lindsey v. Dillard's, Inc., 306 F.3d 596, 599 (8th Cir. 2002) (footnote omitted), citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). See also Kansas Public Employees Retirement Sys. v. Reimer & Koger Assocs., Inc., 77 F.3d 1063, 1067-68 (8th Cir.), cert. denied, 519 U.S. 948 (1996); In re Prairie Island Dakota Sioux, 21 F.3d 302, 304-05 (8th Cir. 1994).

The Supreme Court has distinguished between the power to exercise supplemental jurisdiction over pendent claims, and the advisability of exercising such jurisdiction. Ampleman, 204 F.R.D. at 439 (citations omitted). Factors to be considered in deciding whether to retain jurisdiction over pendant state-law claims after dismissal of all federal question claims include convenience, fairness, comity, and judicial economy. Carnegie-Mellon, 484 U.S. at 350.

Upon consideration, the Court finds that remand is appropriate in the instant case. As noted above, Plaintiffs' original Petition contained four federal-law claims, and eighteen state-law claims. (Doc. No. 1, Exh. 1). The federal-law claims have been eliminated at a very early stage in the litigation, i.e., prior even to the entry of a Case Management Order. See Carnegie-Mellon, 484 U.S. at 350-51. Given these circumstances, this Court has a, "powerful reason to choose not to continue to exercise jurisdiction." Id. at 351. Plaintiffs' Motion to Remand to State Court will therefore be granted.

## CONCLUSION

Accordingly,

- 5 -

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand to State Court (Doc. No. 14) is **GRANTED**, and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 26th day of June, 2003.

                                                  UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 06/26/03 by cabrams
               4:02cv1926    Pirog vs Engelhardt

42:1983 Civil Rights Act

Frank Anzalone - 2526          Fax: 314-721-7991
Brian Millikan - 108659        Fax: 314-621-8071
Bernard Reinert - 4145         Fax: 314-621-8071

+
Mariano Favazza
Circuit Court
City of St Louis
11th & Tucker
St Louis, Mo 63101

SCANNED & FAXED BY
JUN 26 2003
SAU